# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

FILED

2011 DEC 15 P 12: 36

CLERK...

| | |
|---|---|
| SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS, | Civil Action No. 3:04cv747 |
| Plaintiff, | REP |
| v. | JURY TRIAL DEMANDED |
| HAMILTON BEACH BRANDS, INC., HOMELAND HOUSEWARES, LLC, ALCHEMY WORLDWIDE LLC, AND BACK TO BASICS PRODUCTS, LLC, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

Plaintiff Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Sunbeam"), by and through its undersigned counsel, for its complaint against Hamilton Beach Brands, Inc. ("Hamilton Beach"), Homeland Housewares, LLC ("Homeland Housewares"), Alchemy Worldwide, LLC ("Alchemy Worldwide"), and Back to Basics Products, LLC ("Back to Basics") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Defendants regularly conduct business in Virginia and have committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the

District of Virginia and elsewhere in Virginia. This Court therefore has personal jurisdiction over Defendants.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and 1400(b) because Defendants regularly conduct business in this judicial district and certain of the acts complained of herein occurred in this judicial district.

## THE PARTIES

4. Plaintiff Sunbeam is a Delaware corporation having a principal place of business at 2381 Executive Center Drive, Boca Raton, Florida 33431.

5. On information and belief, Defendant Hamilton Beach is a corporation organized and existing under the laws of the state of Delaware, with its offices and principal place of business at 4421 Waterfront Drive, Glen Allen, Virginia 23060.

6. On information and belief, Defendant Homeland Housewares is a limited liability company organized and existing under the laws of the state of California, with its offices and principal place of business at 11755 Wilshire Blvd., Suite 1150, Los Angeles, California 90025.

7. On information and belief, Defendant Alchemy Worldwide is a limited liability company organized and existing under the laws of the state of California, with its office and principle place of business at 15250 Ventura Blvd., 3rd Floor, Sherman Oaks, California 91403.

8. On information and belief, Defendant Back to Basics is a limited liability company organized and existing under the laws of the state of Illinois, with its offices and principal place of business at 120 Lakeview Parkway, Vernon Hills, Illinois 60061.

## THE PATENTS-IN-SUIT

9. On July 6, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,758,592, entitled "Blender Jar with Recipe Markings" (hereinafter "the '592 patent"). A true and correct copy of the '592 patent is attached hereto as Exhibit A.

10. Sunbeam is the owner of all right, title and interests in and to the '592 patent and has the sole and exclusive right to enforce the patent, including the right to recover damages for past infringement.

11. On April 21, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,520,659, entitled "Blender Base with Food Processor Capabilities" (hereinafter "the '659 patent"). A true and correct copy of the '659 patent is attached hereto as Exhibit B.

12. Sunbeam is the owner of all right, title and interests in and to the '659 patent and has the sole and exclusive right to enforce the patent, including the right to recover damages for past infringement.

## CLAIMS FOR RELIEF

13. Sunbeam realleges and incorporates by reference the allegations stated in paragraphs 1-12 of this Complaint.

## INFRINGEMENT BY HAMLTON BEACH

14. Hamilton Beach has infringed and continues to infringe the '592 patent and the '659 patent by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of, products that fall within the scope of one or more of claims of the '592 and '659 patents.

15. Hamilton Beach's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

16. Hamilton Beach's acts of infringement will continue after service of this Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## INFRINGEMENT BY HOMELAND HOUSEWARES

17. Homeland Housewares has infringed and is infringing the '592 patent and the '659 patent by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of, products that fall within the scope of one or more of claims of the '592 and '659 patents.

18. Homeland Housewares is on actual notice of its infringement of the '592 patent and its infringement of that patent has been and is willful.

19. Homeland Housewares's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

20. Homeland Housewares's acts of infringement will continue after service of this Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## INFRINGEMENT BY ALCHEMY WORLDWIDE

21. Alchemy Worldwide has infringed the '592 patent and the '659 patent by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of, products that fall within the scope of one or more of claims of the '592 and '659 patents.

22. Alchemy Worldwide is on actual notice of its infringement of the '592 patent and its infringement of that patent has been and is willful.

23. Alchemy Worldwide's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

24. Alchemy Worldwide's acts of infringement will continue after service of this Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## INFRINGEMENT BY BACK TO BASICS

25. Back to Basics has infringed and is infringing the '592 patent and the '659 patent by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of, products that fall within the scope of one or more of claims of the '592 and '659 patents.

26. Back to Basics is on actual notice of its infringement of the '592 patent and its infringement of that patent has been and is willful.

27. Back to Basics's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

28. Back to Basics's acts of infringement will continue after service of this Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## PRAYER OF RELIEF

WHEREFORE, Sunbeam respectfully prays for a judgment as follows:

(a) A finding that Hamilton Beach has infringed the '592 patent;

(b) An award of damages adequate to compensate Sunbeam for Hamilton Beach's infringement of the '592 patent;

(c) A finding that Hamilton Beach has infringed the '659 patent;

(d) An award of damages adequate to compensate Sunbeam for Hamilton Beach's infringement of the '659 patent;

(e) A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Hamilton Beach and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '592 and '659 patents;

(f) A finding that this case is exceptional against Hamilton Beach and an award to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

(g) Such other and further relief against Hamilton Beach as this Court or a jury may deem proper;

(h) A finding that Homeland Housewares has infringed the '592 patent and that such infringement was willful;

(i) An award of damages adequate to compensate Sunbeam for Homeland Housewares' willful infringement, together with prejudgment interest from the date infringement began;

(j) An award of enhanced damages against Homeland Housewares pursuant to 35 U.S.C § 284;

(k) A finding that Homeland Housewares has infringed the '659 patent;

(l) An award of damages adequate to compensate Sunbeam for Homeland Housewares' infringement of the '659 patent;

(m) A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Homeland Housewares and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '592 and '659 patents;

(n) A finding that this case is exceptional against Homeland Housewares and an award to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

(o) Such other and further relief against Homeland Housewares as this Court or a jury may deem proper;

(p) A finding that Alchemy Worldwide has infringed the '592 patent and that such infringement was willful;

(q) An award of damages adequate to compensate Sunbeam for Alchemy Worldwide's willful infringement, together with prejudgment interest from the date infringement began;

(r) An award of enhanced damages against Alchemy Worldwide pursuant to 35 U.S.C § 284;

(s) A finding that Alchemy Worldwide has infringed the '659 patent;

(t) An award of damages adequate to compensate Sunbeam for Alchemy Worldwide's infringement of the '659 patent;

(u) A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Alchemy Worldwide and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '592 and '659 patents;

(v) A finding that this case is exceptional against Alchemy Worldwide and an award to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

(w) Such other and further relief against Alchemy Worldwide as this Court or a jury may deem proper;

(x) A finding that Back to Basics has infringed the '592 patent and that such infringement was willful;

(y) An award of damages adequate to compensate Sunbeam for Back to Basics' willful infringement, together with prejudgment interest from the date infringement began;

(z) An award of enhanced damages against Back to Basics pursuant to 35 U.S.C § 284;

(aa) A finding that Back to Basics has infringed the '659 patent;

(bb) An award of damages adequate to compensate Sunbeam for Back to Basics' infringement of the '659 patent;

(cc) A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Back to Basics and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '592 and '659 patents;

(dd) A finding that this case is exceptional against Back to Basics and an award to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285; and

(ee) Such other and further relief against Back to Basics as this Court or a jury may deem proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all issues so triable herein.

Dated: December 15, 2009

Respectfully Submitted,

By: /s/ Paul A. Gennari
Paul A. Gennari (VSB No. 46890)
Tremayne M. Norris*
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-6413
Fax: (202) 429-3902
pgennari@steptoe.com
tnorris@steptoe.com

Thomas G. Pasternak*
Steptoe & Johnson LLP
115 South La Salle Street, Suite 3100
Chicago, IL 60603
Telephone: (312) 577-1265
Facsimile: (312) 577-1370
tpasternak@steptoe.com

* moving for *pro hac vice* admission

*Attorneys for Plaintiff Sunbeam Products, Inc.
d/b/a Jarden Consumer Solutions*