**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

|  |  |
|---|---|
| SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS, | ) ) ) )  Civil Action No. 3:09-CV-00791 REP |
| Plaintiff, | ) ) ) |
| v. | )  JURY TRIAL DEMANDED ) |
| HAMILTON BEACH BRANDS, INC., HOMELAND HOUSEWARES, LLC, ALCHEMY WORLDWIDE LLC, ALCHEMY WORLDWIDE INC., AND BACK TO BASICS PRODUCTS, LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**SECOND AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF**

Plaintiff Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Sunbeam"), by and through its undersigned counsel, for its Second Amended Complaint for Damages and Other Relief ("Second Amended Complaint") against Hamilton Beach Brands, Inc. ("Hamilton Beach"), Homeland Housewares, LLC ("Homeland Housewares"), Alchemy Worldwide LLC, Alchemy Worldwide Inc., and Back to Basics Products, LLC ("Back to Basics") (collectively, "Defendants"), hereby alleges as follows:

**NATURE OF THE ACTION AND JURISDICTION**

1.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     Defendants regularly conduct business in Virginia and have committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the

District of Virginia and elsewhere in Virginia.  This Court therefore has personal jurisdiction over Defendants.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and 1400(b) because Defendants regularly conduct business in this judicial district and certain of the acts complained of herein occurred in this judicial district.

## THE PARTIES

4.      Plaintiff Sunbeam is a Delaware corporation having a principal place of business at 2381 Executive Center Drive, Boca Raton, Florida 33431.

5.      On information and belief, Defendant Hamilton Beach is a corporation organized and existing under the laws of the state of Delaware, with its offices and principal place of business at 4421 Waterfront Drive, Glen Allen, Virginia 23060.

6.      On information and belief, Defendant Homeland Housewares is a limited liability company organized and existing under the laws of the state of California, with its offices and principal place of business at 11755 Wilshire Blvd., Suite 1150, Los Angeles, California 90025.

7.      On information and belief, Defendant Alchemy Worldwide LLC was or is a limited liability company organized and existing under the laws of the state of California, with its office and principle place of business at 15250 Ventura Blvd., 3rd Floor, Sherman Oaks, California 91403.  On information and belief, and based on publicly available documents, Alchemy Worldwide LLC reorganized and changed its name to Alchemy Worldwide Inc. after Sunbeam's original complaint was filed.

8.      On information and belief, Defendant Alchemy Worldwide Inc. is a corporation organized and existing under the laws of the state of California, with its office and principle place of business at 15250 Ventura Blvd., 3rd Floor, Sherman Oaks, California 91403.  On

information and belief, and as stated in publicly available documents, Alchemy Worldwide LLC

was and Alchemy Worldwide Inc. is the corporate parent and/or affiliate of Homeland

Housewares.   (Alchemy Worldwide Inc. and Alchemy Worldwide LLC are hereinafter

collectively referred to as "Alchemy Worldwide").

9.       On information and belief, Defendant Back to Basics is a limited liability

company organized and existing under the laws of the state of Illinois, with its offices and

principal place of business at 120 Lakeview Parkway, Vernon Hills, Illinois 60061.

## THE PATENTS-IN-SUIT

10.       On July 6, 2004, the United States Patent and Trademark Office issued U.S.

Patent No. 6,758,592, entitled "Blender Jar with Recipe Markings" (hereinafter "the '592

patent").  A true and correct copy of the '592 patent is attached hereto as Exhibit A.

11.       Sunbeam is the owner of all right, title and interests in and to the '592 patent and

has the sole and exclusive right to enforce the patent, including the right to recover damages for

past infringement.

12.       On April 21, 2009, the United States Patent and Trademark Office issued U.S.

Patent No. 7,520,659, entitled "Blender Base with Food Processor Capabilities" (hereinafter "the

'659 patent").  A true and correct copy of the '659 patent is attached hereto as Exhibit B.

13.       Sunbeam is the owner of all right, title and interests in and to the '659 patent and

has the sole and exclusive right to enforce the patent, including the right to recover damages for

past infringement.

## CLAIMS FOR RELIEF

14.       Sunbeam realleges and incorporates by reference the allegations stated in

paragraphs 1-13 of this Second Amended Complaint.

## INFRINGEMENT BY HAMLTON BEACH

15.     Hamilton Beach has directly infringed and continues to directly infringe the '592 patent and the '659 patent by making, using, importing, selling or offering to sell at least the following product that falls within the scope of each and every claim of the '592 patent and each and every claim of the '659 patent:  the *Stay or Go* 18-Speed Blender with Travel Cup (the "Hamilton Beach Product").   A claim chart attached as Exhibit C (and associated documents attached thereto) demonstrates how an exemplar *Stay or Go* product infringes each and every claim of the '592 patent and each and every claim of the '659 patent.

16.     Hamilton Beach also provides instructional, advertising, and/or marketing materials instructing consumers as to the use of the Hamilton Beach Product in a manner that leads to direct infringement of at least claim 3 of the '592 patent and at least claims 10-12 of the '659 patent.  Hamilton Beach had and/or has knowledge of the '592 patent and the '659 patent, and by at least providing such instructional, advertising, and/or marketing materials intended and/or intends that others' use of its Product would infringe the '592 patent and the '659 patent.  Hamilton Beach also provides or causes to be provided at least one component of the Hamilton Beach Product to others with knowledge that such component was made or adapted to be used in a manner that would directly infringe each and every claim of the '592 patent and each and every claim of the '659 patent, and such component has no substantial non-infringing use.  Accordingly, Hamilton Beach has induced, aided and/or abetted, and encouraged others to infringe and contributorily infringed and/or and continues to induce, aid and/or abet, and encourage others to infringe and to contributorily infringe the '592 patent and the '659 patent by making, using, importing, selling or offering to sell at least the Hamilton Beach Product and components thereof.

17.     Hamilton Beach's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

18.     Hamilton Beach's acts of infringement will continue after service of this Second Amended Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## INFRINGEMENT BY HOMELAND HOUSEWARES

19.     Homeland Housewares has directly infringed and is directly infringing the '592 patent and the '659 patent by making, using, importing, selling or offering to sell at least the following products that fall within the scope of each and every claim of the '592 patent and each and every claim of the '659 patent:  the Magic Bullet, including without limitation the Magic Bullet To Go, The Original Magic Bullet, The Original Magic Bullet Express, and The Original Magic Bullet Deluxe (the "Homeland Housewares Products").  A claim chart attached as Exhibit D (and associated documents attached thereto) demonstrates how an exemplar Magic Bullet product infringes each and every claim of the '592 patent and each and every claim of the '659 patent.

20.     Homeland Housewares also provides instructional, advertising, and/or marketing materials instructing consumers as to the use of the Homeland Housewares Products in a manner that leads to direct infringement of at least claim 3 of the '592 patent and at least claims 10-12 of the '659 patent.  Homeland Housewares had and/or has knowledge of the '592 patent and the '659 patent, and by at least providing such instructional, advertising, and/or marketing materials intended and/or intends that others' use of its Products would infringe the '592 patent and the '659 patent.  Homeland Housewares also provides or causes to be provided at least one component of the Homeland Housewares Products to others with knowledge that such

component was made or adapted to be used in a manner that would directly infringe each and every claim of the '592 patent and each and every claim of the '659 patent, and such component has no substantial non-infringing use. Accordingly, Homeland Housewares has induced, aided and/or abetted, and encouraged others to infringe and contributorily infringed and/or continues to induce, aid and/or abet, and encourage others to infringe and to contributorily infringe the '592 patent and the '659 patent by making, using, importing, selling or offering to sell at least the Homeland Housewares Products and components thereof.

21.    Homeland Housewares is and has been on actual notice of its infringement of the '592 patent and its infringement of that patent is and has been willful.

22.    Homeland Housewares's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

23.    Homeland Housewares's acts of infringement will continue after service of this Second Amended Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## INFRINGEMENT BY ALCHEMY WORLDWIDE

24.    Alchemy Worldwide has directly infringed and is directly infringing the '592 patent and the '659 patent by making, using, importing, selling or offering to sell at least the following products that fall within the scope of each and every claim of the '592 patent and each and every claim of the '659 patent:  the Magic Bullet, including without limitation the Magic Bullet To Go, The Original Magic Bullet, The Original Magic Bullet Express, and The Original Magic Bullet Deluxe (the "Alchemy Worldwide Products").  A claim chart attached as Exhibit D (and associated documents attached thereto) demonstrates how an exemplar Magic Bullet

product infringes each and every claim of the '592 patent and each and every claim of the '659 patent.

25.     Alchemy Worldwide also provides instructional, advertising, and/or marketing materials instructing consumers as to the use of the Alchemy Worldwide Products in a manner that leads to direct infringement of at least claim 3 of the '592 patent and at least claims 10-12 of the '659 patent.  Alchemy Worldwide had and/or has knowledge of the '592 patent and the '659 patent, and by at least providing such instructional, advertising, and/or marketing materials intended and/or intends that others' use of its Products would infringe the '592 patent and the '659 patent.  Alchemy Worldwide also provides or causes to be provided at least one component of the Alchemy Worldwide Products to others with knowledge that such component was made or adapted to be used in a manner that would directly infringe each and every claim of the '592 patent and each and every claim of the '659 patent, and such component has no substantial non-infringing use.  Accordingly, Alchemy Worldwide has induced, aided and/or abetted, and encouraged others to infringe and contributorily infringed and/or and continues to induce, aid and/or abet, and encourage others to infringe and to contributorily infringe the '592 patent and the '659 patent by making, using, importing, selling or offering to sell Alchemy Worldwide Products and components thereof.

26.     Alchemy Worldwide is and has been on actual notice of its infringement of the '592 patent and its infringement of that patent is and has been willful.

27.     Alchemy Worldwide's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

28.     Alchemy Worldwide's acts of infringement will continue after service of this Second Amended Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## INFRINGEMENT BY BACK TO BASICS

29.     Back to Basics has directly infringed and is directly infringing the '592 patent and the '659 patent by making, using, importing, selling or offering to sell at least the following products that fall within the scope of each and every claim of the '592 patent and each and every claim of the '659 patent:  the Blender Express, including without limitation the Blender Express Plus (the "Back to Basics Products").  A claim chart attached as Exhibit E (and associated documents attached thereto) demonstrates how an exemplar Blender Express infringes each and every claim of the '592 patent and each and every claim of the '659 patent.

30.     Back to Basics also provides instructional, advertising, and/or marketing materials instructing consumers as to the use of the Back to Basics Products in a manner that leads to direct infringement of at least claim 3 of the '592 patent and at least claims 10-12 of the '659 patent.  Back to Basics had and/or has knowledge of the '592 patent and the '659 patent, and by at least providing such instructional, advertising, and/or marketing materials intended and/or intends that others' use of its Products would infringe the '592 patent and the '659 patent.  Back to Basics also provides or causes to be provided at least one component of the Back to Basics Products to others with knowledge that such component was made or adapted to be used in a manner that would directly infringe each and every claim of the '592 patent and each and every claim of the '659 patent, and such component has no substantial non-infringing use. Accordingly, Back to Basics has induced, aided and/or abetted, and encouraged others to infringe and contributorily infringed and/or continues to induce, aid and/or abet, and encourage others to infringe and to contributorily infringe the '592 patent and the '659 patent by making,

using, importing, selling or offering to sell at least the Back to Basics Products and components thereof.

31.    Back to Basics is and has been on actual notice of its infringement of the '592 patent and its infringement of that patent is and has been willful.

32.    Back to Basics's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

33.    Back to Basics's acts of infringement will continue after service of this Second Amended Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## PRAYER OF RELIEF

WHEREFORE, Sunbeam respectfully prays for a judgment as follows:

(a)    A finding that Hamilton Beach has infringed the '592 patent;

(b)    An award of damages adequate to compensate Sunbeam for Hamilton Beach's infringement of the '592 patent;

(c)    A finding that Hamilton Beach has infringed the '659 patent;

(d)    An award of damages adequate to compensate Sunbeam for Hamilton Beach's infringement of the '659 patent;

(e)    A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Hamilton Beach and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '592 and '659 patents;

(f)    A finding that this case is exceptional against Hamilton Beach and an award to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

(g)     Such other and further relief against Hamilton Beach as this Court or a jury may deem proper;

(h)     A finding that Homeland Housewares has infringed the '592 patent and that such infringement was willful;

(i)     An award of damages adequate to compensate Sunbeam for Homeland Housewares' willful infringement, together with prejudgment interest from the date infringement began;

(j)     An award of enhanced damages against Homeland Housewares pursuant to 35 U.S.C § 284;

(k)     A finding that Homeland Housewares has infringed the '659 patent;

(l)     An award of damages adequate to compensate Sunbeam for Homeland Housewares' infringement of the '659 patent;

(m)     A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Homeland Housewares and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '592 and '659 patents;

(n)     A finding that this case is exceptional against Homeland Housewares and an award to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

(o)     Such other and further relief against Homeland Housewares as this Court or a jury may deem proper;

(p)     A finding that Alchemy Worldwide has infringed the '592 patent and that such infringement was willful;

(q)     An award of damages adequate to compensate Sunbeam for Alchemy

Worldwide's willful infringement, together with prejudgment interest from the date infringement

began;

(r)     An award of enhanced damages against Alchemy Worldwide pursuant to 35

U.S.C § 284;

(s)     A finding that Alchemy Worldwide has infringed the '659 patent;

(t)     An award of damages adequate to compensate Sunbeam for Alchemy

Worldwide's infringement of the '659 patent;

(u)     A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Alchemy

Worldwide and its officers, directors, agents, servants, affiliates, employees, divisions, branches,

subsidiaries, parents, and all others acting in concert or privity with any of them from such

infringement of the '592 and '659 patents;

(v)     A finding that this case is exceptional against Alchemy Worldwide and an award

to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

(w)     Such other and further relief against Alchemy Worldwide as this Court or a jury

may deem proper;

(x)     A finding that Back to Basics has infringed the '592 patent and that such

infringement was willful;

(y)     An award of damages adequate to compensate Sunbeam for Back to Basics'

willful infringement, together with prejudgment interest from the date infringement began;

(z)     An award of enhanced damages against Back to Basics pursuant to 35 U.S.C §

284;

(aa)    A finding that Back to Basics has infringed the '659 patent;

(bb)    An award of damages adequate to compensate Sunbeam for Back to Basics' infringement of the '659 patent;

(cc)    A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Back to Basics and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '592 and '659 patents;

(dd)    A finding that this case is exceptional against Back to Basics and an award to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285; and

(ee)    Such other and further relief against Back to Basics as this Court or a jury may deem proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all issues so triable herein.

Dated: March 26, 2010                          Respectfully Submitted,

By: /s/ Paul A. Gennari
Paul A. Gennari (VSB No. 46890)
Tremayne M. Norris (pro hac vice)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-6413
Fax:  (202) 429-3902
pgennari@steptoe.com
tnorris@steptoe.com

Thomas G. Pasternak (pro hac vice)
Steptoe & Johnson LLP
115 South La Salle Street, Suite 3100
Chicago, IL 60603
Telephone:  (312) 577-1265
Facsimile:  (312) 577-1370
tpasternak@steptoe.com

*Attorneys for Plaintiff Sunbeam Products, Inc.*
*d/b/a Jarden Consumer Solutions*

- 12 -

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2010, I electronically filed the foregoing document

with the Clerk of Court using the CM/ECF system, which will send a notification of such filing

to all counsel of record.

By:  /s/ Paul A. Gennari
       Paul A. Gennari (VSB No. 46890)
       STEPTOE & JOHNSON LLP
       1330 Connecticut Ave., N.W.
       Washington, D.C. 20036
       Tel.:  202.429.3000
       Fax:  202.261.0616
       pgennari@steptoe.com

       *Attorneys for Plaintiff Sunbeam*
       *Products, Inc. d/b/a Jarden Consumer*
       *Solutions*