**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS,** | |
| **Plaintiff,** | Civil Action No. 3:09cv791 REP |
| **v.** | |
| **HAMILTON BEACH BRANDS, INC., ET AL.,** | |
| **Defendants.** | |

**HOMELAND HOUSEWARES, LLC'S BRIEF IN SUPPORT OF MOTION TO DISQUALIFY STEPTOE & JOHNSON LLP**

Defendant Homeland Housewares, LLC ("Homeland") respectfully submits the following brief in support of its motion to disqualify the law firm of Steptoe & Johnson LLP from representing Plaintiff Sunbeam Products, Inc. dba Jarden Consumer Solutions in this case.

Counsel for Homeland has conferred with counsel for Plaintiff, and counsel for Plaintiff Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Sunbeam") has indicated that Plaintiff will oppose this motion. Counsel for Homeland has also confirmed that none of the other defendants in this case oppose this motion.

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND.................................................................................2

III.    ARGUMENT AND AUTHORITIES ....................................................................7

        A.      Legal Standard Applicable to Motion to Disqualify.................................7

        B.      Homeland and Mr. Chen Had a Prior Attorney-Client Relationship....................10

        C.      The Interests of Sunbeam are Materially Adverse to Homeland ...........................11

        D.      The Present Suit Is Substantially Related to the Matters In Which Mr.
                Chen Previously Represented Homeland..............................................11

        E.      Steptoe & Johnson LLP is a "Firm" as Defined by VCPC Rule 1.10 ..................13

        F.      Homeland Has Not Consented to or Waived the Conflict....................................13

        G.      Steptoe's Representation of Sunbeam Presents a Conflict Under the
                Virginia Rules of Professional Conduct ..............................................14

IV.     CONCLUSION......................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

Allegaert v. Perot,
   565 F.2d 246 (2d Cir. 1977) ................................................................................................. 9

Estate of Andrews v. United States,
   804 F.Supp. 820 (E.D. Va. 1992) ...................................................................................... 6

Government of India v. Cook Indus., Inc.,
   569 F.2d  737 (2nd Cir. 1978)............................................................................................ 7

Government of India v. Cook Industries, Inc.,
   569 F.2d 737 (2d Cir.1978) ................................................................................................ 9

In re Asbestos Cases, 514 F.Supp. 914 (E.D. Va. 1981),reversed by, in part, vacated by, in part,
   sub nomine at Greitzer & Locks v. Johns-Manville Corp., 1982 U.S. App. LEXIS 21211 (4th
   Cir. 1982), cert. denied, 459 U.S. 1010, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982) ...................... 7

In re Chantilly Construction Corp.,
   539 B.R. 466 (Bankr. E.D. Va. 1984)................................................................................ 8

In re Morrisey,
   305 F.3d 211 (4th Cir. 2002) ............................................................................................. 6

Neuharth et al. v. Quinn et al.,
   23 Va. Cir. 252, 1991 Va. Cir. LEXIS 42 (Cir. Ct. Loudoun Va. 1991).................................. 8

Niou and Morgan Stanley Dean Witter v. Austin et al.,
   59 Va. Cir. 190; 2002 Va. Cir. LEXIS 339 (Cir. Ct. Richmond Va. 2002)............................. 12

Personalized Mass Media Corp. v. The Weather Channel, Inc. et al.,
   899 F. Supp. 239 (E.D. Va. 1995) ..................................................................................... 6

Stratagene v. Invitrogen Corporation,
   225 F.Supp.2d 608 (D.C. Md. 2002) ................................................................................ 10

Tessier v. Plastic Surgery Specialists, Inc. et al.,
   731 F.Supp. 724 (E.D. Va. 1990) ............................................................................... 7, 8, 9

United States Football League v. Nat'l Football League,
   605 F. Supp. 1448 (S.D.N.Y. 1985) .................................................................................. 9

United States v. Clarkson,
567 F.2d 270 (4th Cir. 1977) ............................................................................................. 12

Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 501 F.Supp. 326 (D.D.C.1980) aff'd
by Nat'l Souvenir Ctr. Inc. v. Historic Figures, Inc., 728 F.2d 503 (D.C. Cir. 1984), cert
denied, 469 U.S. 825, 105 S.Ct. 103, 83 L.Ed. 2d 48 (1984) ..................................................... 9

**Rules**

Local Civil Rule 83.1(I) ................................................................................................................ 5

Virginia Rules of Professional Conduct Rule 1.6 ......................................................................... 7

Virginia Rules of Professional Conduct Rule 1.9(a) .................................................................... 6

Virginia Rules of Professional Conduct Rule 1.9(b) ................................................................. 6, 7

Virginia Rules of Professional Conduct Rule 1.9(c) .................................................................... 7

Virginia Rules of Professional Conduct Rule 1.10(a) ................................................................... 7

Virginia Rules of Professional Conduct Rule 1.10(a)-(e) ........................................................... 12

## I.   <u>INTRODUCTION</u>

The law firm of Steptoe & Johnson LLP should be disqualified from representing Sunbeam in this case based on a conflict of interest in violation of the Virginia Rules of Professional Conduct. Disqualification is warranted because:

1.      Homeland discovered after this Court's *Markman* hearing on May 17, 2010 that Andrew B. Chen, a former associate of Cislo & Thomas, is now an associate of Plaintiff's attorneys, Steptoe & Johnson LLP, creating a direct conflict of interest with Homeland.

2.      An attorney may not leave one law firm and take an adverse position to his former client with another firm. Andrew B. Chen Esq. is currently employed as an associate attorney with the law firm of Steptoe & Johnson LLP, who represents plaintiff Sunbeam in this action. From June 6, 2003 to June 11, 2004, Mr. Chen was employed by Cislo & Thomas LLP and actively represented defendant Homeland in preparing, filing, and prosecuting Homeland's patent applications related to the accused products at issue in this action, as well as in patent litigation also involving the accused products at issue in the instant action.  During his previous employment at Cislo & Thomas LLP and representation of Homeland, Mr. Chen had obtained Homeland's confidential and privileged information relating to Homeland's development of its Magic Bullet® products, patent prosecution strategies, its broader intellectual property procurement strategies, and its litigation and settlement strategies.

3.      The subject matter of Mr. Chen's former representation of Homeland to bears a substantial relationship to material issues in this case, particularly because Steptoe & Johnson LLP introduced Homeland's patents as evidence during the *Markman* proceeding, the very patents that Mr. Chen prepared. It is highly likely that Steptoe & Johnson LLP will rely upon the prosecution history and litigation history of Homeland's patents in its infringement case as well.

4.      The parties are materially adverse in this action and Steptoe & Johnson LLP is in a position to use Homeland's privileged information, which Mr. Chen had access to during his previous representation of Homeland, which will give Sunbeam an unfair advantage in this patent infringement suit, and which will, or has significant potential to, undermine the integrity of the judicial process as it relates to this case..

5.      Steptoe & Johnson LLP has refused to withdraw as counsel of record against Homeland.

6.      Homeland has not consented to or waived any conflict.

7.      While a court must balance the right of a party to retain the counsel of his choice and the potential hardship that might result from disqualification, Steptoe and Johnsons LLP's failure to maintain adequate conflict check procedures and the resulting loss of Homeland's right to have its former lawyers keep its confidences and secrets tilt strongly in favor of Steptoe & Johnson's disqualification in this case.

Homeland therefore respectfully requests that the instant motion be granted and that Steptoe & Johnson LLP be disqualified from representing Sunbeam in this case.


## II.      FACTUAL BACKGROUND

Defendant Homeland creates and markets novel kitchen appliances, including Homeland's Magic Bullet® blender, which is at issue in this patent infringement case.  Since its launch in 2003, Homeland's Magic Bullet® blender has been a very successful product, in part due to Homeland's extensive marketing efforts.

During the time from June 6, 2003 to June 11, 2004, Andrew B. Chen, Esq. was employed as an associate with Cislo & Thomas LLP.  <u>See</u> Cislo Decl., ¶ 4.  While employed

with Cislo & Thomas LLP, Mr. Chen had unrestricted access to all of Homeland's files and did a substantial amount of work for Homeland, including various patent searching and patent prosecution matters in connection with the Magic Bullet® devices such as the very ones at issue in this case. Id. Mr. Chen actively participated in Homeland's patent enforcement program and in assessing Homeland's patent portfolio and patent coverage in relation to its Magic Bullet® products, including Homeland's shaped mugs with screw-on rings and other products which are at issue in the instant case. See Cislo Decl., ¶¶4-7.

While at Cislo & Thomas LLP, Mr. Chen searched for prior art and drafted, filed, and prosecuted a number of Homeland's patent applications, including the applications related to the Magic Bullet® leading to Homeland's '640 and '750 patents. See Cislo Decl., ¶¶ 4-7, Exh. 4-6. Mr. Chen also communicated with examiners at the USPTO regarding Homeland's patent applications and prepared and filed a "Petition to Make Special" for the application leading to the '750 patent, which included a discussion of third-party blender and portable blender patents. Cislo Decl., ¶ 6, Exh. 5. While employed with Cislo & Thomas, Mr. Chen also prepared preliminary patentability searches and preliminary non-infringement analyses related to Homeland's Magic Bullet® blender products. See Cislo Decl., ¶ 7, Exh. 6.[1]

Mr. Chen was counsel of record for Homeland in a patent infringement and unfair competition case against TriStar Products, Inc. regarding Homeland's Magic Bullet® products and related patents, which was filed in the United State District Court for the Central District of California.[2] See Cislo Decl., ¶ 8 Exh. 7. Mr. Chen drafted Homeland's complaint against

---

[1] Due to the confidential nature of these documents and the other client letters, redacted documents are attached as exhibits to the Cislo Declaration. In the event the Court finds that a review of the actual documents will be helpful, they can be made available to the Court for *in camera* review on short notice.
[2] Homeland Housewares LLC v. TriStar Products Inc. et al., Case No. 2:04-cv-02831-GHK-JTL,

TriStar Products and was intimately involved in the TriStar litigation, including the pre-filing investigation and the development of Homeland's litigation strategy.[3]  Id.  This was the very litigation wherein TriStar introduced into evidence declarations involving the prior art Kiss Mixer product as part of a motion for summary judgment.

In or about June of 2005, Sunbeam's in-house counsel sent a cease and desist letter to Homeland regarding U.S. Patent No. 6,758,592 ("the '592 patent", titled "Blender Jar With Recipe Markings") and Homeland's Magic Bullet® product.  See Homeland's Answer to Second Amended Complaint (Docket Entry No. 63) at p. 22-23 (twelfth through fourteenth affirmative defenses).  Half a decade later, on or about December 15, 2009, Steptoe & Johnson LLP ("Steptoe") filed a complaint on behalf of Sunbeam against Homeland, Hamilton Beach Brands, Inc. Alchemy Worldwide LLC, and Back to Basics Products, LLC in this Court, alleging that the defendants infringe the '592 patent and also U.S. Patent No. 7,520,659 (titled "Blender Base With Food Processor Capabilities").  Sunbeam filed a First Amended Complaint on February 13, 2010 and a Second Amended Complaint on or about March 26, 2010.[4]  Homeland answered the Second Amended Complaint and introduced references and evidence concerning the prior Kiss Mixer product.

On April 23, 2010, Sunbeam filed its Opening *Markman* Brief, in it noting that "[t]he proper construction of the terms "drinking cap" and "drinking hole" (and variations thereof that are contained in several claims) is central to most of the claims and the primary subject of this

---

filed on April 23, 2004.
[3] Between April 20, 2004 and June 7, 2004, Mr. Chen billed more than sixty hours for the Homeland Housewares LLC v. TriStar Products, Inc. case. See Cislo Decl., ¶ 8
[4] Homeland filed its Answer and Affirmative Defenses to the First and Second Amended Complaints on, respectively, February 26, 2010 and April 9, 2010.

brief."[5]  Homeland filed its response to Sunbeam's Opening *Markman* Brief on April 30, 2010.

In its Reply *Markman* Brief,[6] Sunbeam argued against Homeland's proposed claim construction in part by alleging that Homeland's U.S. Patent Nos. 7,066,640 ("the '640 patent"), 7,422,362 ("the '362 patent") and 7,441,944 ("the '944 patent") and their respective specifications are relevant to the instant case.  Sunbeam attached copies of the '640, '362 and '944 patents to its reply brief as exhibits I-K and also reproduced Figures 15 and 16 of the patents in the section of its *Markman* brief regarding construction of the term "cap".[7]

At the *Markman* hearing on May 17, 2010, Sunbeam's counsel argued against Homeland's proposed construction of certain disputed claim terms and again raised Homeland's '640, '362 and '944 patents and included Figures 15-16 of the '640 (and '362 and '944) patents in its *Markman* Hearing slides. See  Cislo Decl., ¶ 2, Exh. 1.

Homeland's '640 patent issued from U.S. Patent Application No. 10/824,531 (titled "Blender and Mugs", filed on April 13, 2004) and is a continuation-in-part of U.S. Patent No. 6,817,750 ("the '750 patent").   Cislo Decl., ¶ 3, Exh. 2. The '944 and '362 patents are continuation-in-part patents of the '640 patent.[8]  Id.  Homeland's counsel, Cislo & Thomas LLP, prepared and filed the applications leading to the '640 and '750 patents on Homeland's behalf in 2003 and 2004. Id.   In fact, and as noted above, Mr. Chen was heavily involved in the prosecution of the early Homeland patent applications related to the Magic Bullet®, such as those relied upon by Sunbeam.

Counsel for Homeland first became aware that Mr. Chen was employed as an attorney

---

[5] Sunbeam's Opening *Markman* Brief (Document 69), p. 2.
[6] Filed on May 7, 2010 (Document 79).
[7] Sunbeam's Reply *Markman* Brief (Document 69), p. 8-9.
[8] The '944 patent was filed on March 8, 2006 and issued on October 8, 2008.  The '362 patent was filed on March 31, 2006 and issued on September 9, 2008.

with Steptoe only after Homeland received Sunbeam's document production in this case on or about May 17, 2010. Cislo Decl., ¶ 9, Exh. 7-8; Declaration of Mark Nielsen ("Nielsen Decl."), ¶ 2-5. Specifically, on May 18, 2010, counsel for Homeland reviewed a CD of documents produced by Steptoe, on behalf of Sunbeam, the CD having documents numbered SB 002419-007320. Nielsen Decl., ¶¶ 2-3. When counsel for Homeland arrived at document SB 005863, the conflict became apparent. Nielsen Decl., ¶ 4.

Document SB 005863 is the first page of a PACER docket sheet from the Central District of California for the <u>Homeland Housewares LLC v. TriStar Products Inc. et al.</u> case noted above. Nielsen Decl., ¶ 4. At the top portion of the page where counsel for the parties are listed, Andrew B. Chen is listed as attorney of record *for Homeland Housewares, LLC*. <u>Id</u>. The specific fact that alerted Homeland's counsel to Steptoe's conflict is that Andrew B. Chen's address on the docket sheet is listed as Steptoe & Johnson rather than Cislo & Thomas. <u>Id</u>. It is counsel for Homeland's understanding that the PACER system will automatically update an attorney's address, if he or she moves firms, for any case that the attorney was listed in as counsel of record. <u>Id.</u> Further investigation into the matter demonstrated that Mr. Chen remains employed by Steptoe & Johnson to this day. Nielsen Decl., ¶ 5; Cislo Decl., ¶ 10, Exh. 9.

On or about May 18, 2010, counsel for Homeland informed Sunbeam's counsel in writing of the conflict and requested a meet and confer in contemplation of the instant motion. Cislo Decl., ¶ 9, Exh. 8.

In response the following day, Steptoe claimed that it too intended to file a motion for disqualification of Homeland's counsel, and it offered to drop its motion if Homeland's counsel would drop its motion. Homeland's counsel refused inasmuch as Steptoe's disqualification motion seemed to be retaliatory, and is improperly based on outdated versions of this Court's

local rules, and of Virginia ethics rules, as well the fact that Steptoe's conflict was extremely serious and worthy of judicial attention, whereas Homeland's counsel's alleged conflict, if any, could be easily remedied.[9]

In a nutshell, while previously employed with Cislo & Thomas, Andrew B. Chen was significantly and substantially involved with Homeland's litigation and patent matters, particularly the patents and products at issue in this case. Because Mr. Chen is currently an attorney at the Steptoe & Johnson firm, Steptoe, as described in greater detail below, should be disqualified from representing Sunbeam in this case to safeguard against use of Homeland's confidential information to Homeland's detriment, and to preserve the integrity of the judicial process.

### III.   ARGUMENT AND AUTHORITIES

#### A.  Legal Standard Applicable to Motion to Disqualify

Pursuant to Local Civil Rule 83.1(I) of this Court, the standard relating to the practice of law in civil cases in this Court is the Virginia Rules of Professional Conduct as published effective January 1, 2000 ("VRPC"). The VRPC Rules are mandatory statements of the minimum level of conduct below which no lawyer can fall without being subject to discipline. See Personalized Mass Media Corp. v. The Weather Channel, Inc. et al., 899 F. Supp. 239, 242

---

[9] Should Steptoe argue that counsel for Homeland waited too long to file the instant motion, Steptoe would be wrong. While it is true that Homeland included copies of certain documents from the TriStar Products case in a court filing, that did not entail reviewing the district court's PACER docket to obtain such documents in that the Central District of California did not have an e-filing system for civil cases in 2004, and thus, there would have been no reason to go to PACER to locate the documents from the case. Furthermore, counsel for Homeland does not review PACER dockets from old cases as a matter of course, nor does it necessarily follow the whereabouts of former employees as a matter of course. Therefore, any attempt by Steptoe to suggest that the bringing of this motion was delayed in any way is downright false.

(E.D. Va. 1995)(citing Estate of Andrews v. United States, 804 F.Supp. 820, 823 (E.D. Va. 1992)).[10]

VRPC Rule 1.9(a)[11] provides that:

"A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation."

Thus, Rule 1.9(a) requires disqualification if four criteria are met: (1) the moving party and opposing counsel had a prior attorney-client relationship; (2) the interests of the opposing counsel's present client are materially adverse to the movant; (3) the matters involved in the present underlying lawsuit are the same or substantially related to the matters for which the opposing counsel previously represented the moving party, and (4) the moving party has not consented. See VRPC Rule 1.9(a).

Rule 1.9(b) in turn operates to disqualify any lawyer who obtained actual knowledge of client information protected by VRPC 1.6[12] and 1.9(c)[13] during his previous employment with a firm or lawyers. Application of subsection (b) of Rule 1.9 depends on a situation's particular facts. Yet in every case, the burden of proof that the lawyer is not tainted by his prior law firm

---

[10] The Personalized Mass Media Corp. case was directed to the Virginia Code of Professional Responsibility ("VCPR"). Transition from the VCPR to the Virginia Rules of Professional Conduct became effective on January 1, 2000. See In re Morrisey 305 F.3d 211 (4th Cir. 2002).

[11] VRPC Rule 1.9(a) cross references to "old" VCPR Rule DR 5-105(D). Virginia State Bar 2008-2009 Professional Guidelines, p. 9 (hereinafter, "Professional Guidelines").

[12] Subject to subsections (b) and (c) therein, Rule 1.6 prohibits disclosure of information protected by the attorney-client privilege or other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client unless the client consents after consultation. See VRPC 1.6.

[13] Subject to VRPC 1.6 and 3.3, Rule 1.9(c) prohibits use of information gained in the course of representing a former client to the disadvantage of the former client and revealing information relating to the representation. See VRPC 1.9(c).

affiliation should rest upon the firm whose disqualification is sought.  VRPC, Comment [6a] to Rule 1.9.  VRPC 1.9(b) provides that:

> "A lawyer shall not knowingly represent a person in the same or substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client (1) whose interests are materially adverse to that person; and (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless both the present and former client consent after consultation."

VRPC Rule 1.10(a) provides that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.6, 1.7, 1.9 or 2.10(e)."

In determining whether disqualification is appropriate, a court must also consider the non-moving party's right to freely choose counsel and the consequent loss of time and money in being compelled to engage new counsel. Government of India v. Cook Indus., Inc., 569 F.2d 737. (2nd Cir. 1978); Tessier v. Plastic Surgery Specialists, Inc. et al., 731 F.Supp. 724, 728 (E.D. Va. 1990).   However, the right of one to retain counsel of his choosing is "secondary in importance to the Court's duty to maintain the highest ethical standards of professional conduct to insure and preserve trust in the integrity of the bar." Tessier., 731 F.Supp. at 728 (citing In re Asbestos Cases, 514 F.Supp. 914, 925 (E.D. Va. 1981), reversed in part, vacated in part, *sub nominee* at Greitzer & Locks v. Johns Manville Corp., 1982 U.S. App. LEXIS 21211 (4th Cir. Va. 1982), cert. denied, 459 U.S. 1010, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982).

As discussed below, disqualification is warranted in this case because Steptoe should have known of the conflict before accepting the engagement and its continued representation of Sunbeam violates VRPC 1.9 and 1.10 and Sunbeam's right to freely choose counsel does not outweigh the potential for harm to Homeland.

## B.  Homeland and Mr. Chen Had a Prior Attorney-Client Relationship

Here, Mr. Chen and Homeland undoubtedly had an attorney-client relationship.  First, Mr. Chen personally handled Homeland's matters, including representing it in litigation, preparing several patent applications for Homeland on the Magic Bullet® product, analyzing prior art related to the Magic Bullet®, and other matters related to Homeland's intellectual property procurement and enforcement strategies. See Cislo Decl.,¶ 4-8, Exh. 3-8.

Second, once an attorney-client relationship has been established, an irrebuttable presumption arises that confidential information has been conveyed.  Tessier., 731 F.Supp. at 731 (citing In re Chantilly Construction Corp., 539 B.R. 466, 469 (Bankr. E.D. Va. 1984) (internal citations omitted)).

Third, under VRPC Rule 1.9(b), the burden is on Steptoe & Johnson LLP to show that Cislo & Thomas' firm-wide attorney-client relationship with Homeland is not imputed to Mr. Chen.  See VRPC 1.9(b); Comment [6a] to Rule 1.9.  See also, Tessier., 731 F.Supp. at 734 (attorney cannot segregate himself from the activities of his former firm).[14]

Further, although some of Homeland's patent documents may now be public records, Mr. Chen is not relieved of the responsibility to protect that information.  "Public knowledge of a secret or confidence does not affect an attorney's responsibility to refrain from discussing confidential information with persons to whom the privilege of confidentiality extends." Neuharth et al. v. Quinn et al., 23 Va. Cir. 252, 1991 Va. Cir. LEXIS 42 (Cir. Ct. Loudoun Va. 1991)(internal citations omitted)). Mr. Chen had a prior attorney-client relationship with Homeland and is under a continuing duty to protect Homeland's confidences.

---

[14] The *Tessier* case was decided in 1990, before the effective date of the Virginia Rules of Professional Conduct in 2000.

### C.  The Interests of Sunbeam are Materially Adverse to Homeland

The interests of Sunbeam are materially adverse to Homeland in that Homeland is named as a defendant in Sunbeam's complaint for patent infringement.  As it relates to Mr. Chen, Sunbeam is adverse to Homeland in connection with the very matters regarding which Mr. Chen represented Homeland.  Thus, the materially adverse interests prong of VRPC 1.9(a) and (b) is satisfied.

### D.  The Present Suit Is Substantially Related to the Matters In Which Mr. Chen Previously Represented Homeland

The issues in the present action and the subject matter of Mr. Chen's prior representation of Homeland bear a substantial relationship to each other.  "Substantially related" has been defined to be "identical" or "essentially the same." Tessier, 731 F.Supp. at 728. (citing Government of India v. Cook Industries, Inc., 569 F.2d 737, 739-40 (2d Cir.1978)); Williamsburg Wax Museum, Inc. v. Historic Figures, Inc. 501 F.Supp. 326, 328-29 (D.D.C.1980), aff'd by Nat'l Souvenir Ctr. Inc. v. Historic Figures, Inc., 728 F.2d 503 (D.C. Cir.1984), cert denied, 469 U.S. 825, 105 S.Ct. 103, 83 L.Ed. 2d 48 (1984)).

This does not mean that a "substantial relationship" can only be shown where all of the ultimate legal issues are identical. See United States Football League v. Nat'l Football League, 605 F. Supp. 1448, 1459 (S.D.N.Y. 1985) ("there is a substantial relationship between two representations if facts pertinent to problems for which the original legal services were sought are relevant to the subsequent litigation"); Tessier, 731 F.Supp. at 731 ("While the legal theories employed in both cases are substantively different, the cases do arise from substantially similar facts. Confidential information conveyed in one case does not lose its confidential character because it was not utilized to develop a legal theory in a subsequent case."); Stratagene v.

11

Invitrogen Corporation, 225 F.Supp.2d 608, 611 (D. Md. 2002) (matters "substantially related" "so long as there is a sufficient similarity of issue."). The court's primary concern is whether there is a "reasonable probability that confidences were disclosed in the prior representation which could be used against the former client in the current litigation." Stratagene, 225 F.Supp.2d at 611.

Mr. Chen's prior representation of Homeland allowed him to develop a strong familiarity with Homeland's development of its Magic Bullet® products, including their components, Homeland's patent prosecution strategies, litigation strategies, and settlement strategies. The overlap between his prior work at Cislo & Thomas and the current litigation is both undeniable and substantial because, among other reasons, Sunbeam alleges that Homeland's '640, '362 and '944 patents support Sunbeam's asserted claim construction as to key disputed claim terms, and because Sunbeam has argued that it intends to assert Homeland's patents and its previous enforcement litigation history in support Sunbeam's infringement allegations. As noted above, Mr. Chen drafted and filed the applications for the '640 and '750 patents and prosecuted the '750 patent, which is the parent of the '640 patent, which in turn is the parent of the '362 and '944 patents. See Stratagene, 225 F.Supp.2d at 612 (potentially revealed confidences regarding parent to divisional application are relevant and substantially related to action involving divisional patent). As the person who drafted the applications for the '750 and '640 patents, Mr. Chen would have confidential knowledge relating to, among other things, Homeland's reasoning behind the terminology used in its patents, which Sunbeam alleges is relevant in this action.

Moreover, Mr. Chen was counsel of record for Homeland in the TriStar Products case, which involved the same products as the present case. As such, Steptoe's access to Chen's significant confidences of Homeland regarding its patent strategy, its litigation strategy, the

prosecution of  Homeland's Magic Bullet® patents, and in litigating the prior TriStar Products suit would present Sunbeam with an unfair advantage over Homeland in the instant litigation.

The confidences and secrets that Mr. Chen acquired in his prior representation of Homeland are inherently advantageous to Sunbeam in the present dispute and fundamentally detrimental to Homeland. The "substantial relationship" test has therefore been met in this case.

### E.  Steptoe & Johnson LLP is a "Firm" as Defined by VCPC Rule 1.10

Pursuant to Rule 1.10, attorneys who present themselves to the public in a way suggesting that they are a firm or conduct themselves as a firm should be regarded as a firm for the purposes of the VRPC Rules. Professional Guidelines, Comment [1] to Rule 1.10.  Steptoe presents itself to the public as a firm and should be regarded as a firm under the VRPC.  See e.g., Cislo Decl., Exh. 9.

### F.  Homeland Has Not Consented to or Waived the Conflict

Homeland has neither consented to or waived any conflict and filed the instant motion to disqualify Steptoe from representing Sunbeam in this case.  Cislo Decl., ¶ 11. In addition, counsel for Homeland notified Sunbeam's counsel in writing promptly after he learned of the conflict and requested that counsel meet and confer to resolve the matter before filing the instant motion. Cislo Decl., ¶ 9 Exh. 8.

Homeland is entitled to protection against the possibility that its now former attorney will be able to use, or will be asked to use,  knowledge and confidential information about Homeland obtained during the course of his prior representation of Homeland for purposes of benefiting Sunbeam in the instant dispute.

### G. Steptoe's Representation of Sunbeam Presents a Conflict Under the Virginia Rules of Professional Conduct

The Virginia Rules of Professional Conduct are designed to protect a party from having information to which an opposing attorney had access during prior representation used against it to its detriment. That is exactly the situation in this case.  Mr. Chen's former attorney-client relationship with Homeland is substantially related to the issues in this case, the parties here are materially adverse, Homeland has not consented to or waived any conflict, and the information to which Mr. Chen had access is likely to be used against Homeland to its detriment.  Steptoe was prohibited from accepting this engagement at the outset and its continued representation of Sunbeam is therefore a conflict under at least Virginia Rule of Professional Conduct 1.9.  By extension, the conflict is imputed to the entire firm of Steptoe & Johnson under Virginia Rule of Professional Conduct 1.10.[15]

A court must balance the right of a party to retain the counsel of his choice and the potential hardship which might result from disqualification against the public perception of and public trust in the judicial system.  In the present case, however, the balance tilts in favor of disqualification.  Steptoe apparently made no reasonable effort to determine whether it had a conflict before accepting the Sunbeam engagement. In determining to disqualify counsel, especially counsel who so obviously failed to take reasonable precautions to prevent the conflict, the trial court "is to resolve all doubts in favor of disqualification." United States v. Clarkson, 567 F.2d 270, 273 n. 3 (4th Cir. 1977); Niou and Morgan Stanley Dean Witter v. Austin et al., 59 Va. Cir. 190; 2002 Va. Cir. LEXIS 339 (Cir. Ct. Richmond Va. 2002).  Steptoe should therefore

---

[15] VRPC Rule 1.10(a)-(e) cross references to "old" VCPR Rule DR 5-105(E).

be disqualified from representing Sunbeam in this case

## IV.   CONCLUSION

The facts of Mr. Chen's prior representation of Homeland in connection with the accused products in this case and the substantial relationship between the issues of his prior representation and the instant case are indisputable. Together they create a high likelihood that Homeland's privileged information will be used against Homeland to its detriment in the instant dispute.[16] Accordingly, for the reasons stated herein, Homeland requests that this Court disqualify Steptoe & Johnson LLP from representing Sunbeam in this action and that it grant the instant motion.

///

///

///

---

[16] Screening Mr. Chen will not solve the problem under Virginia law.  Cf, Rule 1.11(c). (screening is only applicable to former government lawyers).  "The only cure to such impropriety would be the former client's consent… and [ ] no cure would be effected simply by an agreement that the attorney would have no contact with the litigation." Virginia Legal Opinion No. 1428. Conflict of Interest: Attorney Joining Firm Which Represents Client Adverse to Attorney's Former Client (Council Opinion 1992). (attached to the Cislo Decl. at Exh. 10)

Homeland Housewares, LLC
By Counsel:

_____

Robert E. Scully, Jr.
Virginia Bar No. 19218
Eric G. Wright (pro hac vice)
Stites & Harbison PLLC
1199 North Fairfax Street, Suite 900
Alexandria, Virginia 22314
Telephone:  (703) 739-4900
Fax:  (703) 739-9577
rscully@stites.com
*Counsel for Defendant Homeland Housewares, LLC*

Of Counsel for Defendant Homeland Housewares,
LLC

Daniel M. Cislo (pro hac vice)
Mark D. Nielsen (pro hac vice)
Cislo & Thomas LLP
1333 2nd Street, Suite 500
Santa Monica, CA  90401-4110
Telephone:  (310) 451-0647
Fax:  (310) 394-4477
dan@cislo.com
mnielsen@cislo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May, 2010, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system with electronic notification of such filing to the following counsel of record:

| | | |
|---|---|---|
| Paul A. Gennari<br>Tremayne M. Norris<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br>Telephone:  (202) 429-6413<br>Fax:  (202) 429-3902<br>pgennari@steptoe.com<br>tnorris@steptoe.com<br>*Counsel for Plaintiff* | Robert Michael Tyler<br>John L. Newby II<br>McGuireWoods LLP<br>901 E. Cary Street<br>Richmond, VA  23219-4030<br>Telephone:  (804) 775-1000<br>Fax:  (804) 775-1061<br>rtyler@mcguirewoods.com<br>JNewby@mcguirewoods.com<br>*Counsel for Defendant*<br>*Hamilton Beach Brands, Inc.* | Craig Crandall Reilly<br>Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA  22314<br>Telephone:  (703) 549-5354<br>Fax:  (703) 549-2604<br>craig.reilly@ccreillylaw.com<br>*Counsel for Defendant Back*<br>*to Basics Products, LLC* |
| Thomas G. Pasternak<br>Steptoe & Johnson LLP<br>115 South La Salle Street<br>Suite 3100<br>Chicago, IL  60603<br>Telephone:  (312) 577-1265<br>Fax:  (312) 577-1370<br>tpasternak@steptoe.com<br>*Counsel for Plaintiff* | Joseph A. Kromholz<br>Ryan Kromholz & Manion,<br>S.C.<br>P.O. Box 22618<br>Milwaukee, WI 53226-0618<br>jkromholz@rkmiplaw.com<br>*Counsel for Defendant Back*<br>*To Basics, LLC* | |

_____
Robert E. Scully, Jr.
Virginia Bar No. 19218
Stites & Harbison PLLC
1199 North Fairfax Street, Suite 900
Alexandria, Virginia 22314
Telephone:  (703) 739-4900
Fax:  (703) 739-9577
rscully@stites.com
*Counsel for Defendant Homeland*
*Housewares, LLC*