IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**HAMILTON BEACH BRANDS, INC., ET AL.,**<br><br>      **Defendants.** | Civil Action No. 3:09cv791 REP |

### HOMELAND HOUSEWARES, LLC'S BRIEF IN OPPOSITION TO SUNBEAM'S MOTION TO DISQUALIFY

Defendant Homeland Housewares, LLC ("Homeland") respectfully submits this brief in opposition to Plaintiff Sunbeam Products, Inc.'s ("Sunbeam") Motion to Disqualify Daniel M. Cislo, Esq. and Cislo & Thomas LLP ("Motion").

Sunbeam's Motion should be denied because it is based upon the outdated and inapplicable Virginia Code of Professional Responsibility, which was replaced more than ten years ago in 2000 by the Virginia Rules of Professional Conduct ("VCPR"). Also, Sunbeam's motion should be denied because disqualification will impose a substantial hardship on Homeland and because Sunbeam has not shown that Mr. Cislo is a necessary witness or that it will be prejudiced if Mr. Cislo is not disqualified. Further, there are no grounds to disqualify Cislo & Thomas LLP. As more fully detailed below, disqualification is not warranted in this case and Sunbeam's Motion should be denied.

**TABLE OF CONTENTS**

I.   FACTUAL BACKGROUND ........................................................................................ 1

II.  ARGUMENT AND AUTHORITIES ........................................................................... 3

    A.   Sunbeam's Motion is Based Upon an Outdated Legal Standard and Should Be Denied .................................................................................................. 3

    B.   Mr. Cislo Is Not a Necessary Witness ............................................................... 5

    C.   Sunbeam Provides No Grounds to Disqualify Cislo & Thomas LLP or to Reach All Pretrial Proceedings ............................................................................. 6

    D.   Disqualification of Mr. Cislo Would Work Substantial Hardship on Homeland and Sunbeam Has Not Shown That It Would Be Prejudiced ............... 7

III. CONCLUSION ............................................................................................................. 10

i

# TABLE OF AUTHORITIES

**Cases**

Aielli v. Port Auth. of N.Y. & N. J.,
 1996 U.S. Dist. LEXIS 3847 (S.D.N.Y. Mar. 29 1996) ........................................................... 5

Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.,
 2000 WL 1655054, 55 USPQ2d 1662 (S.D.N.Y. 2000), aff'd by 326 F.2d 1226 (Fed.Cir. 2003) .................................................................................................................................... 6

Estate of Andrews v. United States of America,
 804 F. Supp. 820 (E.D. Va. 1992) .......................................................................................... 8

Lewis v. Captial One Servs.,
 2004 U.S. Dist. LEXIS 26978 (E.D. Va. 2004) ...................................................................... 4

Personalized Mass Media Corp. v. The Weather Channel, Inc.,
 899 F.Supp. 239 (E.D. Va. 1995) ........................................................................................... 4

Sumagraphics Corp. v. Sanders Assoc., Inc.,
 19 USPQ2d 1859 (D. Conn. 1991) ......................................................................................... 5

Sutherland v. Jagdmann et al.,
 2005 U.S. Dist. LEXIS 25878 (E.D. Va. October 31, 2005) ............................................... 4, 5

United States v. Franklin,
 177 F. Supp. 2d 459 (E.D. Va. 2001) ..................................................................................... 8

United States v. Starnes,
 157 Fed. App'x 687, (5th Cir. 2005), cert. denied, 549 U.S. 1327, 127 S.Ct. 1922, 167 L.Ed. 2d 574 (2007) .............................................................................................................................. 5

**Rules**

E. D. Va. Local Rule 83.1(I) ........................................................................................................ 3

Virginia Code of Professional Responsibility Rule 1.7 ............................................................... 6

Virginia Code of Professional Responsibility Rule 1.9(a) .......................................................... 6

Virginia Code of Professional Responsibility Rule 3.7 ............................................................... 7

Virginia Code of Professional Responsibility Rule 3.7(a) .......................................................... 3

Virginia Code of Professional Responsibility Rule 3.7(a)(3) ................................................. 7, 8

Virginia Code of Professional Responsibility Rule 3.7(b) ............................................................. 6

Virginia Code of Professional Responsibility Rule 3.7(c) ............................................................. 4

## I.    FACTUAL BACKGROUND

In or about June of 2005, Sunbeam's in-house counsel, Lawrence J. Shurupoff, sent a cease and desist letter to Homeland regarding U.S. Patent No. 6,758,592 and Homeland's Magic Bullet® product. See Homeland's Answer to Second Amended Complaint (Docket Entry No. 63) at p. 22-23 (twelfth through fourteenth affirmative defenses). Nearly a half a decade later, on or about December 15, 2009, Sunbeam filed a complaint against Homeland[1] in this Court, alleging that Homeland infringes U.S. Patent Nos. 6,758,592 (the "'592 patent") and 7,520,659 (the "'659 patent"). Homeland denies that it infringes the '592 and '659 patents.

The Court held a *Markman* hearing on May 17, 2010. See Declaration of Daniel M. Cislo ("Cislo Decl."), ¶ 2, Exh. A. During the *Markman* hearing, the Court and the parties discussed the parties' respective plans for deposing witnesses. Cislo Decl., Exh. A.[2] Specifically, the Court and counsel for Sunbeam discussed Sunbeam's plan to take depositions on the willfulness issue and to depose the attorney that gave Homeland an oral opinion and the person that relied on the opinion. Id.[3] Sunbeam's counsel indicated that he assumed the attorney was Mr. Cislo and that he had asked to depose "those folks." Id.[4] During the May 17, 2010 *Markman* hearing, Sunbeam's counsel did not in any way mention that Sunbeam planned to file a motion to disqualify Mr. Cislo or Cislo & Thomas LLP. Cislo Decl., ¶ 2.

---

[1] Sunbeam also named Hamilton Beach Brands, Inc. Alchemy Worldwide LLC and Back to Basics Products, LLC as defendants.

[2] Complete Transcript of the Motions Hearing Before the Honorable Robert E. Payne, May 17, 2010, p.104, lines 9-23.

[3] Id., p. 104, lines 12-19.

[4] Id., p. 105, lines 3-6.

On May 18, 2010, Homeland discovered that a former associate of Cislo & Thomas LLP, who had handled Homeland's patent and litigation matters, is now an associate of Plaintiff's attorneys, Steptoe & Johnson LLP, creating a direct conflict of interest with Homeland. See Homeland's Motion at Docket Nos. 96 and 97. On the same day, counsel for Homeland informed Sunbeam's counsel of the conflict and requested a meet-and-confer in contemplation of filing a motion to disqualify Steptoe & Johnson LLP. See Cislo Decl., ¶ 3. In response the following day, Steptoe claimed that it planned to file a motion to disqualify Homeland's counsel, and it offered to drop its motion if Homeland's counsel would drop its motion. Homeland's counsel refused inasmuch as Steptoe's disqualification motion seemed to be retaliatory, and based on an outdated version the Virginia ethics rules, as well the fact that Steptoe's conflict was extremely serious and worthy of judicial attention,[5] whereas Homeland's counsel's alleged conflict, if any, could be easily remedied.

Sunbeam filed the instant Motion to disqualify Homeland's counsel Daniel Cislo and Cislo & Thomas LLP, on May 24, 2010. See Docket Nos. 90 and 91. Sunbeam claims that its Motion is necessary because Homeland stated that it will rely upon an oral opinion of counsel of the likely invalidity of the '592 Patent provided to Homeland shortly after receiving Sunbeam's June 2005 cease-and-desist letter.[6]

Sunbeam, however, did not express any alleged need to disqualify Mr. Cislo and Cislo & Thomas LLP at the *Markman* hearing, and its Motion appears to be purely tactical in retaliation for Homeland's motion to disqualify Steptoe & Johnson LLP. Amazingly, Sunbeam's Motion is

---

[5] Homeland filed its motion to disqualify Steptoe & Johnson LLP on May 28, 2010.

[6] See Motion, p. 1, 2-4.

2

based upon non-existent ethics rules[7] and Sunbeam has not shown that any of Cislo & Thomas' attorneys are necessary witnesses or that it would be prejudiced if Cislo & Thomas LLP and/or Mr. Cislo were not disqualified. As more fully discussed below, Sunbeam's Motion should be denied.

## II.     ARGUMENT AND AUTHORITIES

### A.    Sunbeam's Motion is Based Upon an Outdated Legal Standard and Should Be Denied

Citing to an ersatz Local Rule 7(I), Sunbeam incorrectly contends that "the Virginia Code of Professional Responsibility ("VCPR") sets "the ethical standards relating to the practice of law in this court."[8]  Pursuant to Local Rule 83.1(I), "the ethical standards relating to the practice of law in civil cases in this Court shall be the Virginia Rules of Professional Conduct" ("VCPR"). E.D. Va. Local Rule. 83 (May 12, 2009).[9]  Thus, VCPR Rule 3.7, not the Disciplinary Rules that Sunbeam relied upon in its Motion, determines whether or not Mr. Cislo and/or Cislo & Thomas should be disqualified from representing Homeland in this case.

VCPR Rule 3.7(a) provides that:

A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness except where:

---

[7] Sunbeam's Virginia counsel, who signed and filed the Motion and supporting Memorandum, is expected to know that the Virginia Rules of Professional Conduct, rather than the repealed Code of Professional Responsibility, have governed his conduct as a member of the Virginia State Bar (and the Bar of this Court) for over a decade.  Yet, the Memorandum in Support of the Motion to Disqualify Cislo & Thomas displays an alarming lack of acquaintance with the currently applicable "law governing lawyers" in the Commonwealth.

[8] Motion, p. 4-5.

[9] The "new" VCPR rules were in effect in the Eastern District of Virginia at the time that Sunbeam sent its cease-and-desist letter to Homeland in June 2005.  Thus, the "old" VCPR rules were outdated even at that time and there is no retroactive effect of the VCPR at issue here.

3

> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

VCPR 3.7(a)(2000).

> VCPR Rule 3.7(c) provides that:
>
> A law firm may continue to act as trial counsel even if one of its lawyers must be a witness on behalf of its client unless precluded from doing so by Rule 1.7 or Rule 1.9.

Due to the serious nature of the relief (disqualification), courts impose a 'substantial burden' on a party seeking to disqualify opposing counsel, and will deny a motion lacking evidentiary support. See e.g., Sutherland v. Jagdmann et al., 2005 U.S. Dist. LEXIS 25878 at *6 (E.D. Va. October 31, 2005) (citing Lewis v. Captial One Servs., 2004 U.S. Dist. LEXIS 26978 (E.D. Va. 2004)). Also, the ethical rules, and the disqualification which results from their application, must be considered with the fundamental principle in mind that a party ought to be represented by its counsel of choice if that is at all possible. Personalized Mass Media Corp. v. The Weather Channel, Inc., 899 F.Supp. 239, 242 (E.D. Va. 1995) (applying the former Code of Professional Responsibility). "Moreover, motions for disqualification predicated as they are upon the premise that the opposing party will call counsel for an adversary as a witness, are subject to abuse. And, there is a real risk that disqualification will be sought for tactical advantage only and not because of the ethical considerations on which the witness-advocate rule is based." Id.

In the instant case, Sunbeam bases its Motion on repealed ethical rules, and raised the issue of disqualification for tactical purposes only after Homeland indicated that it would move to disqualify Steptoe & Johnson LLP for an actual conflict of interest. See Docket Nos. 96 and 97. Sunbeam's Motion should be denied on these grounds alone. The factors discussed below,

4

however, provide further grounds for denying Sunbeam's Motion.

### B. Mr. Cislo Is Not a Necessary Witness

Sunbeam contends that Mr. Cislo is a "material witness" and thus must be disqualified.[10] Sunbeam is wrong. First, pursuant to Rule 3.7, the issue is not whether Mr. Cislo is a "material witness", but whether or not he is a necessary witness. A party seeking to invoke the witness-advocate rule for disqualification purposes must prove that the proposed witness-advocate's testimony is "strictly necessary", not merely relevant and useful. Sutherland, 2005 U.S. Dist. LEXIS 2588 at *5 (citing Aielli v. Port Auth. of N.Y. & N. J., 1996 U.S. Dist. LEXIS 3847 at *3-4 (S.D.N.Y. Mar. 29 1996)).

Second, Mr. Cislo is not a necessary witness. Information known to Mr. Cislo that relates to the invalidity opinion provided to Homeland can be obtained from the client, Homeland. See e.g., United States v. Starnes, 157 Fed. App'x 687, 693-94 (5th Cir. 2005), cert. denied, 549 U.S. 1327, 127 S.Ct. 1922, 167 L.Ed. 2d 574 (2007) (a lawyer whose testimony would be merely cumulative of other witnesses is not a necessary witness).[11]

Mr. Cislo is not a necessary witness because the Homeland executive(s) who requested and received the opinion can testify about it, and is/are in the best position to testify about its/their own decisions regarding why it relied on the legal opinion. See e.g., Bristol-Myers

---

[10] Motion, p. 1, 2. The Personalized Mass Media Corp. case cited by Sunbeam was directed to the Virginia Code of Professional Responsibility ("VCPR"). Transition from the VCPR to the Virginia Rules of Professional Conduct became effective on January 1, 2000. See In re Morrisey 305 F.3d 211 (4th Cir. 2002)

[11] The Sumagraphics case cited by Sunbeam is distinguishable. In that case, the court found that the patentee's attorney gave conflicting opinions on patent validity, including opinions that would contradict the patentee's litigation position and would be prejudicial to the client. Sumagraphics Corp. v. Sanders Assoc., Inc., 19 USPQ2d 1859, 1861-62 (D. Conn. 1991).

Squibb Co. v. Rhone-Poulenc Rorer, Inc., 2000 WL 1655054 at *2-4, 55 USPQ2d 1662 (S.D.N.Y. 2000), aff'd by 326 F.2d 1226 (Fed.Cir. 2003) (disqualification not warranted because fact that attorney communicated the opinion to the client was not contested). That Mr. Cislo is not a necessary witness provides separate and further grounds for denying Sunbeam's Motion. In addition, the fact that the information sought can be obtained through Homeland demonstrates that Sunbeam's motion to disqualify Mr. Cislo and Cislo & Thomas was retaliatory to Homeland's motion brought to Sunbeam's attention on May 18, 2010.

### C.     Sunbeam Provides No Grounds to Disqualify Cislo & Thomas LLP or to Reach All Pretrial Proceedings

Even if Sunbeam could show a factual and legal predicate for disqualifying Mr. Cislo, which it cannot, the applicable ethical standard does not support disqualifying Mr. Cislo from all pretrial proceedings in this case, nor does it support disqualifying the entire law firm of Cislo & Thomas LLP.

Rule 3.7(b) provides that even if an attorney is disqualified because he is a necessary witness, other attorneys in the same firm may continue to serve as advocates *unless* prohibited by VCPR 1.7[12] or 1.9.[13] Sunbeam asserts that Cislo & Thomas LLP must be disqualified as counsel

---

[12] Subject to subsection (b) therein, VCPR 1.7 provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

[13] VCPR 1.9(a) provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation." Rule 1.9(b) prohibits a lawyer from knowingly representing a person in the same or a substantially related matter in which a firm

6

in this action, but provides no basis for its assertion. Sunbeam offers no argument or evidence of any conflict of interest, nor do any such conflicts exist. Further, Sunbeam provides no basis for its bald assertion that "possibly other lawyers at Cislo will serve as material fact [witnesses] on behalf of Homeland."[14] Thus, Sunbeam has not shown that the entire firm of Cislo & Thomas LLP should be disqualified.

Also, the plain language of VCPR Rule 3.7 only restricts a lawyer's ability to serve as an "advocate at an adversarial proceeding in which the lawyer is likely to be a necessary witness." Thus, Rule 3.7 does not prevent an attorney from representing a client through the pretrial course of a litigation, but merely prohibits representation at an adversarial proceeding at which he is likely to be a necessary witness. Even if Sunbeam showed that Mr. Cislo were a necessary witness, which it has not, Rule 3.7 does not support disqualifying him from all pretrial proceedings.

None of Homeland's counsel in this case should be disqualified from participating in the pretrial proceedings in this case or at trial. However, even if the Court finds that Mr. Cislo may not serve as trial counsel, other attorneys at Cislo & Thomas should be permitted to do so and Mr. Cislo should be permitted to represent Homeland in all other aspects of the case.

### D. Disqualification of Mr. Cislo Would Work Substantial Hardship on Homeland and Sunbeam Has Not Shown That It Would Be Prejudiced

Pursuant to VCPR 3.7(a)(3), even where the attorney is a necessary witness, he or she

---

which the lawyer formerly was associated had previously represented a client: (1) whose interests are materially adverse to that person; and (2) about whom the lawyer had acquired information protected by Rules 1.6 or 1.9(c) that is material to the matter.

[14] Motion, p. 4.

may act as an advocate where disqualification of the attorney would work substantial hardship on the client. VCPR Rule 3.7(a)(3). This provision recognizes that a balancing is required between the interests of the client and those of the opposing party. See Comment [4] to Virginia Rules of Professional Conduct, Rule 3.7 (*Virginia State Bar Professional Guidelines 2009-2010*). Whether the opposing party is likely to suffer prejudice depends upon the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with other witnesses. Id.[15]

Disqualifying Mr. Cislo or Cislo & Thomas LLP would create substantial hardship on Homeland due to Homeland's long relationship with the firm and because Mr. Cislo and Cislo & Thomas have a deep familiarity with Homeland's matters, particularly the development of its Magic Bullet® products, the patentability of such products, and the prior art related to such products. Mr. Cislo and Cislo & Thomas LLP have been counsel for Homeland for the past ten years and have been involved in this particular matter since Sunbeam sent Homeland a cease-and-desist letter in 2005. See Cislo Decl., ¶ 4. Cislo & Thomas' representation of Homeland in the present case involves a complex set of legal and factual issues that the firm has been familiar with for many years. See, Estate of Andrews v. United States of America, 804 F. Supp. 820, 829 (E.D. Va. 1992) (substantial hardship may result from loss of distinctive value of the lawyer or his firm in a particular case).

Moreover, Sunbeam offers no argument or evidence that it is likely to suffer prejudice and provides no factual support for its contention that Homeland's counsel somehow "recognized" that they will be necessary witnesses. Homeland's attorneys are not necessary

---

[15] The Franklin case cited by Sunbeam in its Motion is distinguishable in this regard. In Franklin, the court disqualified counsel due to his misconduct and because he and his co-counsel were the only ones who could testify as to the witness' contradictory statements at issue. United States v. Franklin, 177 F. Supp. 2d 459, 468 (E.D. Va. 2001).

8

witnesses and Homeland has not listed its counsel as trial witnesses. Cislo Decl., ¶ 5.

That Sunbeam has not shown how it would be prejudiced, and the fact that Mr. Cislo and Cislo & Thomas have unique and extensive knowledge distinctly applicable to this case such that it would work a substantial hardship on Homeland to begin again with new attorneys, provides separate and additional grounds for denying Sunbeam's Motion.

////

### III.     CONCLUSION

Sunbeam's motion should be denied.  Sunbeam's Motion is based on fictitious ethical rules and was filed for purely tactical and retaliatory purposes only after Homeland indicated that it would move to disqualify Steptoe & Johnson LLP based on an actual and serious conflict of interest.  Mr. Cislo and Cislo & Thomas LLP are not necessary witnesses in this case and disqualifying them would cause substantial hardship to Homeland.  Accordingly, for the reasons stated herein, Homeland requests that this Court deny Sunbeam's motion to disqualify Daniel Cislo and Cislo & Thomas LLP.

Homeland Housewares, LLC
By Counsel:

/s/
Robert E. Scully, Jr.
Virginia Bar No. 19218
Eric G. Wright

Of Counsel for Defendant Homeland Housewares, LLC

Stites & Harbison PLLC
1199 North Fairfax Street, Suite 900
Alexandria, Virginia 22314
Telephone:  (703) 739-4900
Fax:  (703) 739-9577
rscully@stites.com
*Counsel for Defendant Homeland Housewares, LLC*

Daniel M. Cislo (pro hac vice)
Mark D. Nielsen (pro hac vice)
Cislo & Thomas LLP
1333 2nd Street, Suite 500
Santa Monica, CA  90401-4110
Telephone:  (310) 451-0647
Fax:  (310) 394-4477
dan@cislo.com
mnielsen@cislo.com

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June, 2010, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system with electronic notification of such filing to the following counsel of record:

| | | |
|---|---|---|
| Paul A. Gennari<br>Tremayne M. Norris<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br>Telephone:  (202) 429-6413<br>Fax:  (202) 429-3902<br>pgennari@steptoe.com<br>tnorris@steptoe.com<br>*Counsel for Plaintiff* | Robert Michael Tyler<br>John L. Newby II<br>McGuireWoods LLP<br>901 E. Cary Street<br>Richmond, VA  23219-4030<br>Telephone:  (804) 775-1000<br>Fax:  (804) 775-1061<br>rtyler@mcguirewoods.com<br>JNewby@mcguirewoods.com<br>*Counsel for Defendant Hamilton Beach Brands, Inc.* | Craig Crandall Reilly<br>Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA  22314<br>Telephone:  (703) 549-5354<br>Fax:  (703) 549-2604<br>craig.reilly@ccreillylaw.com<br>*Counsel for Defendant Back to Basics Products, LLC* |
| Thomas G. Pasternak<br>Steptoe & Johnson LLP<br>115 South La Salle Street<br>Suite 3100<br>Chicago, IL  60603<br>Telephone:  (312) 577-1265<br>Fax:  (312) 577-1370<br>tpasternak@steptoe.com<br>*Counsel for Plaintiff* | Joseph A. Kromholz<br>Ryan Kromholz & Manion, S.C.<br>P.O. Box 22618<br>Milwaukee, WI 53226-0618<br>jkromholz@rkmiplaw.com<br>*Counsel for Defendant Back To Basics, LLC* | |

 

                                           /s/
                              Robert E. Scully, Jr.
                              Virginia Bar No. 19218
                              Stites & Harbison PLLC
                              1199 North Fairfax Street, Suite 900
                              Alexandria, Virginia 22314
                              Telephone:  (703) 739-4900
                              Fax:  (703) 739-9577
                              rscully@stites.com
                              *Counsel for Defendant Homeland Housewares, LLC*

172692:1:ALEXANDRIA